UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SHEPARD,<br><br>   Plaintiff,<br><br> v.<br><br>CONNIE GIPSON,<br><br>   Defendant. | No. 2:18-cv-0620 TLN CKD P<br><br>ORDER and FINDINGS AND RECOMMENDATIONS |

Plaintiff is a California prisoner proceeding with a civil action. The claim which remains is for injunctive relief and arises under the First Amendment. Ms. Gipson, the Director of the California Department of Corrections and Rehabilitation (CDCR) is the only defendant and she is sued in her official capacity.

In his amended complaint, plaintiff asserts that he has sought to change his name for religious reasons through the CDCR inmate grievance process, but his requests have been denied. According to plaintiff he is Jewish and it is "essential for Jews to have a Jewish / Hebrew name."

Also, according to plaintiff, the defendant has discretion under California law to deny a request for a name change by a prisoner if permitting the name change would create a "threat to institutional safety and security."

Defendant has filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). "Judgment on the pleadings is proper when the moving party clearly establishes

on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc., v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1550 (1989). "For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." Id.

Defendant points to current California law which indicates that the authority to change plaintiff's name resides with the Superior Court, not with defendant. Cal. Civ. Pro. Code § 1279.5. As a California prisoner, plaintiff must simply provide a copy of his petition for name change with CDCR when filing his petition with the appropriate Superior Court. Cal. Civ. Pro. Code § 1279.5(c). Title 15 California Code of Regulations § 3294.5 directs what action is to be taken after a copy of a request for name change petition is submitted to CDCR, which could culminate with CDCR filing objections to the petition in Superior Court.

There is nothing in plaintiff's complaint suggesting that defendant is presently taking any action which contributes to plaintiff not being able to change his name, nor which violates federal law. Therefore, there is no order the court could make with respect to defendant which would result in plaintiff's name being changed under California law. For these reasons, defendant's motion for judgment on the pleadings should be granted and this case dismissed.

The court notes that plaintiff requests in his opposition to defendant's motion that this matter be stayed rather than dismissed until plaintiff completes the current petition for name change process. However, assuming the district court adopts this court's findings and recommendations, there is nothing to stay because the court lacks any subject matter jurisdiction. While the court will stay cognizable claims under certain circumstances, e.g. a plaintiff's poor health, the court does not stay an action on the off chance that at some point plaintiff may be able to state a cognizable claim. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint").

Finally, on August 1, 2019, plaintiff filed a motion asking that the court order officials at his prison to "provide plaintiff with [his] personal legal documents as well as discovery pertaining

to this case." It appears certain property was withheld from plaintiff as a result of a prison transfer. In light of the court's recommendation that this action be dismissed, however, plaintiff's motion will be denied. Plaintiff is free to renew his motion if he is still denied access to documents he believes, in good faith, he needs in order to draft objections to the court's findings and recommendations. In such a motion, plaintiff must identify the documents he is being denied and why he needs access to the documents in order to draft his findings and recommendations.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's August 1, 2019 "motion for preliminary injunctive relief, to compel discovery" (ECF No. 24) is denied.

IT IS HEREBY RECOMMENDED that

1. Defendant's motion for judgment on the pleadings (ECF No. 26) be granted;

2. Plaintiff's amended complaint be dismissed;

3. Plaintiff's request for a stay be denied; and

4. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 25, 2019

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
shep0620.jop

3